UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE:<br>RICHARD E. JACKSON and<br>ANGELA J. SHELTON<br><br>Debtors | Chapter 7<br><br>Case No. 03-23441 |

**APPEARANCES:**

Peter L. Lawrence, Esq.
Lawrence & Jurkiewicz LLC
486 East Main Street, Torrington, CT 06790
Counsel for Debtors

Anthony S. Novak, Esq.
Chorches and Novak, P.C.
1331 Silas Deane Highway, Suite 202, Wethersfield, CT 06109
Chapter 7 Trustee

## RULING ON TRUSTEE'S OBJECTION

## TO DEBTOR'S CLAIM OF EXEMPTION

KRECHEVSKY, U.S.B.J.

### I.

The matter before the court is the Chapter 7 trustee's objection to the claim of exemption of Richard E. Jackson ("the debtor"), based upon Bankruptcy Code §522(d)(11)(E), in the total settlement proceeds of his employment-related claims. The court, on July 19, 2007, held a hearing on the matter at which it heard the testimony of the debtor and his wife and received documentary evidence. Following the hearing, the parties filed memoranda of law in support of their positions.

II.

## BACKGROUND

The debtor is a medical doctor specializing in psychiatry; his wife Angela J. Shelton holds a Ph.D. in psychology. In 2001, both the debtor and his wife relocated from Tennessee to Connecticut in order for both to accept employment with an insurance company ("the Company"), reviewing insurance claims and claims procedures. In early 2003, both were notified that their employment would be terminated as of March 14, 2003 because the Company was closing the office at which they were employed. They promptly retained counsel to pursue their demands against the Company for wrongful termination and other employment-related claims.

After the debtor was terminated, the Company entered into a one-year consulting contract with the debtor to retain his services as an independent contractor on an as-needed basis. The debtor billed the Company and was paid for work performed; he was not considered an employee and received no benefits or support services from the Company. Prior to their termination, the debtor and his wife had been earning approximately $200,000 and $100,000 per year, respectively.

The debtor and his wife, on October 31, 2003, filed a joint Chapter 7 bankruptcy petition. Anthony S. Novak, Esq. ("the trustee") was appointed trustee of their bankruptcy estate. In Schedule B (Personal Property) of the petition, the debtor listed his "wrongful termination claims against [ the Company ] for lost future earnings" as an asset of his estate with an "unknown" value and, in Schedule C (Property Claimed as Exempt), claimed an exemption, pursuant to Bankruptcy Code §522(d)(11)(E), of $0.00 therein. The court, on January 9, 2004, authorized the trustee, on his motion, to

2

employ the debtor's employment-law attorney, Judith D. Meyer, Esq. ("Meyer") as special counsel to pursue the debtor's claim on behalf of the bankruptcy estate.

Following settlement negotiations, the debtor, on April 15, 2004, amended his Schedules B and C to value both the employment claim and the exemption therein at $135,000. The trustee timely filed an objection to the debtor's amended claim of exemption. The court, on June 15, 2004, granted the trustee's motion for authority to compromise the claims for the sum of $135,000 ("the settlement agreement"); and, on June 24, 2004, approved Meyer's fee application. After payment of Meyer's fees and of the required federal income tax withholding, the trustee holds the balance of the settlement, approximately $83,203.[1]

### III.

### DISCUSSION

Section 522(d)(11)(E) permits an exemption for "the debtor's right to receive ... a payment in compensation of loss of future earnings of the debtor ... to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." The legislative history states: "Paragraph (11) allows the debtor to exempt certain compensation for losses. These include ... loss of future earnings payments (support limitation)." H.R. Rep. No. 95-595 at 362 (1977). In this proceeding, allowance of the debtor's exemption under §522(d)(11)(E) requires consideration of three issues: (1) the amount of the settlement proceeds that represents compensation for the debtor's loss of earnings; (2) the period covered by the award that is prepetition and that which

---

[1] Any interest earned on the settlement proceeds shall be apportioned pro-rata between the exempt and non-exempt portions thereof; and any distribution to the debtor as exempt shall include such interest on the exempt portion.

3

is postpetition; and (3) the extent to which the payment for post-petition lost earnings is reasonably necessary to support the debtor's family. Federal Rule of Bankruptcy Procedure 4003, concerning exemptions, provides, in subsection (c):

> Rule 4003. <u>Exemptions</u>
> . . .
> (c) <u>Burden of Proof</u>
> In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections.

The language of the debtor's May 4, 2004 settlement agreement states that the proceeds are "to Dr. Richard Jackson to satisfy his claims for future lost earnings." (Exh. A ¶1.) The parties also introduced into evidence, as a joint exhibit, a letter dated January 29, 2004, from Meyer to the trustee. This letter sets forth the details of the calculation of the settlement amount:

> Let me explain the basis for the $135,000.00 amount. If Dr. Jackson had remained employed with the Company for an additional year, he would have earned $189,000 in cash compensation.... In addition, the Company would have paid for his health insurance .... license fees ... liability insurance ... the costs of operating his [ ] office.... a 401K match ... and a pension contribution. In all, the value of another year's employment would have been $225,472.00. Instead, they discharged him and then gave him a contract to perform case file reviews for medical necessity on an as-needed basis.... In total, after his employment ended, [the Company] provided him fees as an independent contractor in the amount of $98,180.00. After one full year, in March, 2004, they would have needed to enter into a new agreement, which they almost certainly would not have done. So we demanded <u>one year's earnings from the date of his termination forward, less the amount they paid under the new contract</u> .... [We] added $10,000.00 for attorneys' fees to the approximately $125,000.00 in reduced earnings.

(Exh. C. (emphasis added))

### (1)    Loss of Earnings

Clearly, the settlement agreement provided compensation for the debtor's loss

4

of earnings for the one-year period following his termination of employment, i.e. from March 14, 2003 through March 13, 2004. The court finds unsupported by any evidence the trustee's argument that, because the settlement agreement released the Company from any and all claims that were or could have been brought against it by the debtor, a portion of the proceeds must have been compensation for something other than the debtor's loss of income.

### (2)  Prepetition Loss versus Post-Petition Loss

Property of the estate, and a debtor's exemption therein, is determined as of the bankruptcy petition date. 11 U.S.C. §541(a) ("The commencement of a case ... creates an estate."). Section 522(d)(11)(E) refers only to post-petition loss of earnings, and the debtor may not exempt that portion of the settlement proceeds that provided compensation of his prepetition loss of earnings. See, e.g., In re Hurst, 239 B.R. 89, 92 (Bankr. D.Md. 1999) ("any portion of [the debtor's] settlement or award that is for prepetition lost wages may not be exempted" under the Maryland exemption statute as "compensation for loss of future earnings.").

The settlement agreement, as explained in Exhibit C, compensates the debtor for his loss of earnings in the one-year (366 days) period from March 14, 2003 through March 13, 2004. Of such 366-day period, 231 days (March 14, 2003 through October 30, 2003) were prepetition; and 135 days (October 31, 2003 through March 13, 2004) were post-petition. Pro-rating the $83,203 of net settlement proceeds results in an allocation of $52,513 to prepetition loss of earnings and $30,690 to post-petition loss of earnings. Thus, subject to the support limitation in §522(d)(11)(E), the maximum amount of settlement proceeds that the debtor can seek to exempt would be $30,690.

5

### (3) "Reasonably Necessary for Support" Limitation

The debtor's exemption under §522(d)(11)(E) is limited to the amount reasonably necessary for the support of the debtor and any dependents. The determination of such limitation is "necessarily fact sensitive" and courts may look, to the extent relevant, to criteria such as:

(1)  debtor's present and anticipated living expenses;
(2)  debtor's present and anticipated income from all sources;
(3)  the age of the debtor and his or her dependents;
(4)  the health of debtor and his or her dependents;
(5)  debtor's ability to earn a living;
(6)  debtor's job skills, training and education;
(7)  debtor's other assets, including exempt assets;
(8)  the liquidity of these other assets;
(9)  debtor's ability to save for retirement;
(10) the special needs of the debtor and his or her dependents; and
(11) debtor's continuing financial obligations, e.g., alimony or support payments.

In re Williams, 197 B.R. 398, 404 (Bankr. M.D.Ga. 1996).

The debtor, in his bankruptcy Schedules I (Income) and J (Expenses), states that he and his wife had, on the petition date, a combined monthly income of $10,332 and monthly expenses of $14,071, resulting in a shortfall of $3,739 per month, equivalent to $44,868 per year (the "annualized shortfall" referenced in the calculation, infra). Although the trustee argues that the debtors' expenses are excessive, he provided no evidentiary or legal basis for disallowance of any particular item. The debtor and his wife are well-educated and their lack of employment is likely to be short-lived. In light of the short duration of the post-petition loss of income compensable under the settlement agreement, the court accepts the debtor's explanations for the various items. The debtor and his wife explained that they spend $1,200 a month for home maintenance because, upon moving to Connecticut, they had purchased a "fixer-upper"

home large enough to accommodate their blended family of eight (the debtor, his wife, the debtor's three children, the wife's two children, and the wife's disabled mother). Three of the children are presently enrolled in college. Because the debtor and his wife no longer have employer-provided health insurance, they must pay almost $1,000 per month for comparable coverage.

Accepting the debtor's expenses as reasonably necessary, and taking into account the income of the debtor and his wife from sources other than the settlement proceeds, the court concludes that the debtor's exemption under §522(d)(11)(E) is limited to the excess of expenses over income for the 135-day postpetition period covered by the settlement agreement (from October 31, 2003 through March 13, 2004), determined as follows:

| Portion of Settlement for Post-Petition Loss (135 Days / 366 Days) | x | Annualized Shortfall | = | Amt. Reasonably Necessary for Support |
|---|---|---|---|---|
| 135 / 366 | x | $44,868 | = | $16,550 |

Thus, the debtor is entitled to claim an exemption in $16,550 of the settlement proceeds presently held by the trustee.

### IV.

### CONCLUSION

In accordance with the forgoing discussion, the court concludes that the debtor is entitled to an exemption, pursuant to §522(d)(11)(E), in the settlement proceeds to the extent of $16,550; and that the trustee's objection is sustained as to the balance of the debtor's claimed exemption.

Dated at Hartford, Connecticut this 12 day of September, 2007.

_____
ROBERT L. KRECHEVSKY
UNITED STATES BANKRUPTCY JUDGE